UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDRAS LOPEZ-GUTIERREZ (A No. 243 058 837),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-7641 DAD CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the California City ICE Detention Facility (ECF No. 1 at 1) proceeds with petition for a writ of habeas corpus pursuant to 28 U.S.C. § 224 challenging that detention.[1] For the reasons which follow, the court recommends that the petition be GRANTED.

I. Background

Petitioner, a native and citizen of Guatemala, entered the United States on September 10, 2022, near Rio Grande, Texas. ECF No. 5 at 6. At the time, petitioner was 17. ECF No. 1 at 6.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

Petitioner was detained, ECF No. 5 at 11, and released on October 14, 2022, to the custody of his stepmother, ECF No. 1 at 6. On September 8, 2023, petitioner was charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and ordered to appear for immigration proceedings on October 24, 2023, in Baltimore. ECF No. 5 at 6. On March 9, 2026, an I-360 application was approved, ECF No. 5 at 11, which permits petitioner to apply for a green card via form I-485. It does not appear petitioner has applied for a green card.

Petitioner asserts that on August 22, 2026, he was arrested by ICE officers while walking to work. ECF No. 1 at 6. He also asserts he was not provided with a warrant or a reason for the arrest. Id. Petitioner has remained in ICE detention since August 22, 2026. Id. In a report dated August 22, 2026, Deportation Officer Jean-Francois indicates that petitioner was brought to an ICE office in Baltimore by Baltimore County Police. ECF No. 5 at 11. At the office, petitioner requested voluntary removal. Id. Petitioner was ordered detained by an ICE official. ECF No. 5 at 16. Petitioner requested a hearing before an immigration judge as to whether he was properly in custody. Id. No hearing ever occurred.

Petitioner has no criminal record. ECF No. 1 at 6. On-line Executive Office of Immigration Review records indicate petitioner has no scheduled immigration hearings at this time. There is nothing before the court indicating petitioner ever requested voluntary removal other than the report authored by Officer Jean Francois. Most notably, it does not appear respondents have taken any action to facilitate voluntary removal.

II. Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S.

289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III. Analysis

As indicated above, prior to ICE arrest, petitioner was released into the United States by ICE premised upon either an explicit or implicit finding that petitioner was not dangerous or a flight risk. While on release, petitioner committed no crimes. There is no suggestion that petitioner did not otherwise comply with his conditions of release and he is not subject to an order of removal.

Considering these factors, and consistent with H.S. v. Warden, Golden State Annex Detention Facility, 1:25-cv-1924 CKD P, 2026 WL 445312 (E.D. Cal. Feb. 17, 2026); Esteban-Escalante v. Warden, Mesa Verde ICE Processing Center, 1:26-cv-0096 DC CKD P, 2026 WL 392393 (E.D. Cal. Feb. 12, 2026); Rebolledo v. Chestnut, 1:25-cv-1904 CKD P, 2026 WL 218809 (E.D. Cal. Jan. 28, 2026) and Martinez v. Chestnut, 1:25-cv-1826 TLN CKD P, 2026 WL 121221 (E.D. Cal. Jan. 16, 2026) the court finds petitioner's Fifth Amendment right to due process[2] was violated as a result of respondents' failure to provide petitioner a custody redetermination hearing either before or contemporaneous with ICE detention. See Padilla v. ICE, No. 24-2801, 2026 WL 2822044 (9th Cir. Sep. 21, 2026). The appropriate remedy is release from ICE custody. E.g. Villatora v. Warden, No. 1:26-cv-5411 DC CKD P, 2026 WL 2428059 (E.D. Cal. Aug. 19, 2026).

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Petitioner be ordered RELEASED from ICE custody.
3. The court order the following conditions of release:
    A. Respondents return all of petitioner's documents and possessions.

/////

[2] The Ninth Circuit recently clarified that except for persons covered by the "entry fiction," e.g. persons arriving from international locations at a United States airport without authorization to enter, every person in the United States is entitled to the Fifth Amendment's guarantee of due process. Padilla v. ICE, No. 24-2801, 2026 WL 2822044 (9th Cir. Sep. 21, 2026)

B. Respondents not impose any additional restrictions on petitioner unless such restrictions are deemed necessary at a future pre-deprivation hearing.

C. Within 3 days of the order for release, respondents file a notice certifying compliance.

D. If the government seeks to re-detain petitioner, it must provide no less than 7 days notice to petitioner and provide petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that a material change in circumstances renders petitioner a flight risk or danger to the community such that his re-detention is warranted.

E. These recommendations do not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **SEVEN** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: 10/21/26

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
guit7641.imm.frs